(February 8, 1900.)'

# CLYNE v. BINGHAM COUNTY.

### [60 Pac. 76.]

QUARTERLY STATEMENT OF COUNTY OFFICERS.—Under act of March 7, 1899, it is the duty of every county officer to prepare his quarterly statement or account, showing each item of expense necessarily incurred in the performance of official duty, and each item of fees received during the quarter, at the end of each quarter, accompany the same with proper vouchers, verify the same with his oath, and file the same with the clerk of the board of commissioners for its consideration. Such statement, under said act, must be full and complete.

EXPENSE OF COUNTY OFFICERS—HOTEL BILLS.—Items of expense incurred by a county officer cannot be considered by the board of commissioners, or by such board allowed, as an independent account, but must be considered and acted upon by such board only when included in the officer's quarterly statement or account required by act of March 7, 1899 and not otherwise.

APPEAL FROM ALLOWANCE OF CLAIM AGAINST COUNTY.—An appeal will not lie from the action of a board of county commissioners in disallowing a portion of a claim against the county, as, under the statute, the claimant must accept or reject the action of the board, as a whole, upon the entire claim.

ESTOPPEL.—Where a claimant presents a claim against a county and the board of commissioners allows a portion only thereof, acceptance of a warrant by the claimant for the portion allowed estops him from appealing from the action of the board, or from afterward asserting any claim against the county for the portions or items disallowed.

OFFICERS ACCOUNT AGAINST COUNTY.—Items in a claim or account against a county must be specifically set forth with such certainty that each item can be identified, and any item for expense incurred by an officer must be so set forth that it can be ascertained from the statement thereof that it was necessary. The law contemplates and requires this for the purpose of protecting the public, and to enable any taxpayer who may desire to do so to investigate and ascertain the correctness of any and all items.

SHERIFF—LIMITS OF AUTHORITY.—A sheriff cannot go out of the state, or out of his county, to serve a subpœna, at the expense of his county, he having no authority to act out of the state, and it being unnecessary for him to go out of his county, as the process can and should be served by an officer of the county where service is had.

SAME—LIVING EXPENSES.—Living expenses, which are not merely incidental to the performance of an official act, such as items for bed and board, are not legal charges against the county, and boards of commissioners have no authority to allow such items.

TRANSCRIPT ON APPEAL—DISMISSAL OF APPEAL.—On appeal from the action of a board of commissioners in allowing or disallowing a claim against the county, the transcript consists of "the notice of appeal," the order or decision appealed from, together with the accounts, bills, contracts or papers connected therewith, and necessary to a proper hearing thereof, or certified copies thereof," and when such transcript is not brought into the district court on such appeal, the appeal should be dismissed.

APPEAL FROM ORDER OF BOARD, HOW TRIED—STIPULATION OF ATTORNEYS.—On appeal from an order or action of a board of commissioners to the district court, the matter must be tried anew, and the jurisdiction of the court, and its duties in the premises, cannot be abridged or curtailed by stipulation of counsel.

JUDGMENT—DISMISSAL BY APPELATE COURT.—When the transcript on appeal contains no judgment or order from which an appeal will lie, the appeal will be dismissed by the appellate court on its own motion.

(Syllabus by the court.)

APPEAL from District Court, Bingham County,

N. H. Clark, for Appellant, cites no authorities.

No attorney for Respondent.

QUARLES, J.—This is an apparent attempt on the part of the appellant to have a portion only of his quarterly statement or account as sheriff of Bingham county reviewed on appeal by the courts. The transcript in this case is imperfect, meager, and merits severe criticism. In order to intelligently understand this cause as it comes before us, it is necessary to set forth the transcript at length. The transcript consists of twenty-five printed folios, which, after omitting title of court and of the action, is in words and figures as follows:

"Bingham County, Idaho, to D. H. Clyne, as Sheriff, Dr.
"Hotel and Horse Feed.

| | | | |
|---|---|---|---|
| Aug. | 7. | State of Idaho v. Sam Kuntz, Jr.; team feed for eight days | $ 6.00 |
| Aug. | 13. | State v. Dan Hopkins; hotel and horse feed | 15.50 $ 8.75 |

| | | | |
|---|---|---|---|
| Sept. | 1. | State v. Woodruff, on subpoena; team feed at Idaho Falls...... | 1.00 | |
| | | Six meals, same case........... | 1.50 | 1.50 |
| Sept. | 2. | State v. J. H. Jackson; two meals for officer ...... ........... | .50 | .50 |
| Sept. | 19. | State v. Hyrum Cherry; hotel at Dillon, on subpoena........... | 2.50 | 2.50 |
| Sept. | 23. | State v. Hyrum Cherry; hotel at Weiser, on subpoena........... | 5.75 | 5.75 |
| | | State v. Jack Farrell; hotel at Weiser...... ....... ........ | 3.25 | 3.25 |

"Civil Business.

| | | | |
|---|---|---|---|
| July | 19. | Mrs. A. E. Dwight v. Town of Idaho Falls; three meals and one bed.. | 1.50 | 1.50 |
| July | 20. | F. J. Fowers v. Eagle Rock Water Co.; three meals ...... ...... | .75 | .75 |
| Aug. | 25. | R. R. McElroy v. Lillis and Crow; two meals ...... ......... .... | .50 | .50 |
| Sept. | 15. | Wm. S. Dillibor v. American H. P. Company; team feed and hotel expenses...... ......... ...... | 7.75 | 3.75 |
| Sept. | 6. | Feed for team subpoenaing jurors for district court........... .... | 2.50 | |
| | | Eight meals for officer........... | 2.00 | 2.00 |
| Sept. | 22. | First National Bank Pocatello, for Fremont Co.; hotel $6; team feed in same case in subpoenaing witnesses, $6........ ........ | 12.00 | 6.00 |
| Sept. | 24. | First National Bank of Pocatello v. C. Bunting & Co., Bankers, for Bingham County, two cases; five meals ....... ......... ....... | 1.25 | 1.25 |
| Sept. | 16. | J. P. Porter v. Sam J. Rich, as president, for People's Canal; one meal ....... ............ | .25 | .25 |

$64.50

Meals and lodging...................... $38.25

"State of Idaho,      &#125; ss.
County of Bingham. &#125;

"D. H. Clyne, being first duly sworn, deposes and says that the foregoing account is true and correct, that the services or articles therein mentioned have been furnished, and that no part of the same has been allowed or paid.

"D. H. CLYNE.

"Subscribed and sworn to before me this fourteenth day of October, A. D. 1899.

"GEO. F. GAGON,<br>"Clerk.

"In and before the Board of County Commissioners of Bingham County, Idaho.

"In the Matter of the Appeal &#125;
of D. H. CLYNE from &#125;
Certain Orders Made by &#125;
Said Board. &#125;

"NOTICE OF APPEAL.

"To the Board of County Commissioners of Bingham County, Idaho, and to Geo. F. Gagon, Clerk of Said Board, and to N. H. Clark, County Attorney of Bingham County, Idaho:

"You, and each of you, will please take notice that D. H. Clyne, sheriff of Bingham county, and who is the claimant upon the bill hereinafter described, hereby appeals from the order of the board of county commissioners of Bingham county, Idaho, made upon the twelfth day of October, 1899, disallowing the said bill, to the district court of the fifth judicial district of Idaho, in and for Bingham county. This appeal is taken from said order wherein the following described bill was disallowed, to wit, the bill of D. H. Clyne, filed with said board on the eleventh day of October, 1899, for the sum of $64 and 50/100 dollars. This appeal is taken on both questions of law and fact.

"Dated this second day of November, 1899.

"CLARK & HOLDEN,<br>"Attorneys for Appellant.

"Filed Nov. 3, 1899.

## "STIPULATION.

"This cause having come on regularly to be heard before the court, sitting without a jury, whereupon it was stipulated and agreed by the counsel in open court that each, all, and every of the item of the bill in controversy in this appealy are true and correct, and the amounts as set forth in said bill were paid for the purposes therein set forth, and that the sheriff of Bingham county, while being away from the court house on official business, serving regular process, incurred and paid for board and lodging the amounts as set forth in the said bill on file in this cause, which bill was duly presented to the board of county commissioners for their allowance, and which bill was by said board disallowed, from which action disallowing said bill the said D. H. Clyne, sheriff, appeals to this court; that the only question to be tried in this appeal is whether the board and lodging of a county officer, necessarily incurred while away from home on official business for the county, is an expense of said officer for which the county is liable.

"N. H. CLARK,

"Attorney for Bingham County.

"CLARK & HOLDEN,

"Attorneys for D. H. Clyne, Sheriff.

"Filed Dec. 5, 1899.

## "FINDING AND DECREE OF COURT.

"This cause came regularly on for trial on the tenth day of November, A. D. 1899, before the court without a jury; a jury trial having been duly waived in open court by the parties; and Clark & Holden, Esqs., appearing as attorneys for plaintiff, and N. H. Clark, Esq., county attorney, for defendant; and from the evidence introduced the court finds the facts as follows, to wit:

"That the following bills and amounts are actual and necessary expenses actually incurred by D. H. Clyne, sheriff of Bingham county, in and about the performance of his duty as such sheriff, to wit:

| | |
|---|---:|
| State v. Dan Hopkins; hotel expenses | $ 8.75 |
| State v. Woodruff; meals | 1.50 |
| State v. J. H. Jackson; two meals | .50 |

| | |
|---|---:|
| State v. Hyrum Cherry; hotel expenses | 2.50 |
| State v. Hyrum Cherry; hotel expenses at Weiser | 5.75 |
| State v. Jack Farrell; hotel at Weiser | 3.25 |
| Mrs. E. A. Dwight v. Town of Idaho Falls; three meals and one bed | 1.50 |
| F. J. Fowers v. Eagle Rock Water Co.; three meals | .75 |
| R. R. McElroy v. Lillis and Crow; two meals | .50 |
| Wm. S. Dillibor v. American H. P. Company; hotel expenses | 3.75 |
| Subpoenaing jurors for district court; meals | 2.00 |
| First National Bank, Pocatello, for Fremont Co.; hotel expenses | 6.00 |
| First National Bank of Pocatello, for Bingham Co.; hotel expenses | 1.25 |
| J. P. Porter v. Sam J. Rich, one meal | .25 |
| Total | $38.25 |

"As a conclusion of law from the foregoing facts, the court finds that plaintiff is entitled to judgment for the sum of thirty-eight and 25/100 dollars, in lawful money of the United States, and costs of suit.

"JOSEPH C. RICH,
"Judge.

"NOTICE OF APPEAL.

"You will take notice that the defendant in the above-entitled action hereby appeals to the supreme court of this state from the judgment therein made and entered in the said district court on the eleventh day of November, A. D. 1899, in favor of the plaintiff in said action and against said defendant, and from the whole thereof.

"Dated this fifth day of December, A. D. 1899.

"N. H. CLARK,
"Attorney for Bingham County.

"To the Clerk of said District Court, and Clark & Holden, Attorneys for Plaintiff.

"Due service admitted this fifth day of December, 1899, of notice of appeal.

"CLARK & HOLDEN,

"Attorneys for D. H. Clyne, Sheriff.

"Filed Dec. 5th, 1899.

"CERTIFICATE.

"I, the undersigned, clerk of the fifth judicial district of said state, in and for said county, do hereby certify the foregoing to be a true copy of the judgment entered in the above-entitled action, and recorded in Judgment Book 2 of said court, at page 212. And I further certify that the foregoing papers hereunto annexed constitute the judgment-roll in said action. In witness whereof, I have hereunto set my hand and affixed the seal of said district court this eleventh day of November, A. D. 1899.

"GEO. F. GAGON,

"Clerk.

"STIPULATION.

"It is hereby stipulated and agreed by and between the counsel for the respective parties that the foregoing is a full, true, and correct copy of the judgment-roll in the above-entitled cause, and that the only questions to be determined in this appeal to the supreme court of Idaho are those stipulated and agreed upon in the district court, which stipulation is in writing, and made a part of the judgment-roll in this action.

"N. H. CLARK,

"Attorney for Bingham County.

"CLARK & HOLDEN,

"Attorneys for D. H. Clyne, Sheriff.

"Filed Jan. 6th, 1900.    Geo. F. Gagon, Clerk."

We will consider the various questions suggested by this record in their natural order:

1. It is the duty of every county officer, at the end of each quarter, to make out a complete statement, itemized, showing each item of expense incurred and each item of fees received by him during the quarter, verify such statement with his oath,

and accompany such statement with vouchers showing each item expended for necessary expenses incurred, and file such sworn statement with the clerk of the board of commissioners. This is required by section 1 of the act of March 7, 1899, which is in words and figures as follows, to wit: "Section 1. The salaries of county officers, as full compensation for their services, must be paid quarterly from the county treasury, upon the warrants of the county auditor, and, before being paid to such officers, must be allowed and audited by the board of commissioners as other claims against the county, and no officer or deputy must retain out of any money, in his hands belonging to the county, any salary, but all actual and necessary expenses incurred by any county officer or deputy in the performance of his official duty shall be a legal charge against the county and may be retained by him out of any fees which may come into his hands. All fees which may come into his hands from whatever source, over and above his actual and necessary expenses, shall be turned into the county treasury at the end of each quarter. He shall at the end of each quarter file with the clerk of the board of county commissioners, a sworn statement, accompanied by proper vouchers, showing all expenses incurred and all fees received, which must be audited by the board as other accounts." (See Acts 1899, pp. 405, 406.) This statute must be considered and construed in connection with section 1773 of the Revised Statutes, which is as follows: "The board of commissioners must not hear or consider any claim in favor of an individual against the county unless an account properly made out, giving all items of the claim, duly verified as to its correctness, and that the amount claimed is justly due, is presented to the board within a year after the last item of the account accrued." Tested by these statutes, it is apparent that the items in the account hereinbefore set forth can only be considered by the board of county commissioners as a part of respondent's quarterly statement, and cannot be considered as an independent claim or account. Possibly, the items of the account in the transcript before us were embraced in the respondent's quarterly statement. If so, then the items have been culled out of said statement, and in such event the appeal should have been dismissed

by the district court, for the reason that respondent must either accept or reject the action of the board of commissioners as a whole. He cannot accept the parts of his quarterly account which the board may allow, and appeal from the action of the board in disallowing portions thereof. In either event the district court should have dismissed the appeal. If the account was presented as an independent account, it was in violation of the letter and intent of the act of March 7, 1899, cited supra, and for that reason the appeal should have been dismissed. Section 1775 of the Revised Statutes is as follows: "When the board finds that any claim presented is not payable by the county, or is not a proper county charge, it must be rejected; if they find it to be a proper county charge, but greater in amount than is justly due, the board may allow the claim in part and draw a warrant for the portion allowed, on the claimant filing a receipt in full for his account. If the claimant is unwilling to receive such amount in full payment, the claim may be again considered at the next regular succeeding session of the board, but not afterward." Construing all of these statutes together, it is apparent that respondent's appeal from the action of the board cannot be sustained, and the appeal should have been dismissed by the circuit court. (*Eakin v. Nez Perces Co.,* 4 Idaho, 131, 36 Pac. 702.) We deem it advisable to suggest that the items in the account before us are not specific enough to answer the requirements of the statutes cited *supra*. Take, for instance, the item: "Aug. 13. State v. Dan Hopkins; hotel and horse feed, $15.50." This is evidently a "lump sum," or aggregation of divers items which respondent desired should be allowed him. But how, in what manner, and for what reason did respondent incur such expenses? And why was such expenditure necessary? These things must fully appear in the officer's quarterly sworn statement, and must, under the statute, be accompanied by proper vouchers proving the disbursements; yet there are no vouchers accompanying the account before us. Then the account before us shows on its face that parts thereof are unlawful and unnecessary. Take, for instance, the two items: "Sept. 2. State v. Hyrum Cherry; hotel at Dillon, on subpoena, $2.50"; and "Sept. 23. State v.

Hyrum Cherry; hotel at Weiser, on subpoena, $5.75." Apparently, respondent is seeking to charge his county for hotel bills paid in Washington county, and also at Dillon, in the state of Montana, while out of his county for the purpose of serving a subpoena in a criminal case. He had no authority to serve a subpoena out of his state, and, if the witness is not in his county, he had no right to go into some other county to serve it at the expense of his county; for in such case it is unnecessary, as the subpoena in such case should be sent to the sheriff of the county where the witness may be—properly, by the county attorney. Doubtless, respondent claimed other expenses incurred in the matter of these two subpoenas. But, if he was allowed any item of expense relating to service of subpoenas out of his county, such allowance was wrongful and in violation of law. (See *Yavapai Co. v. O'Neil* (Ariz.), 29 Pac. 430.)

2. Are living expenses, such as charges for bed and board of county officials, under the statute, legal charges against the county? We think not. The statute contemplates that such expenses should be taken into consideration in fixing the salaries of county officials. (*Stookey v. Board,* 6 Idaho, 542, 57 Pac. 312; *Reynolds v. Board,* 6 Idaho, 787, 59 Pac. 730.) A man must eat and sleep, whether he is an officer or not; or, in other words, such expense is not "actual and necessary in the performance of official duty," within the meaning and intent of the statute; the same being a necessary ordinary expense, and not merely incidental to the performance of an official act. If such items are allowed to a sheriff while performing some of his official duties, it should be allowed to him and other officers for every day of the year in which they perform official duties. Such conclusion is not warranted by the statute. Therefore no officer should be allowed for expenses incurred for bed and board of himself.

3. The record before us does not contain the transcript required by law on appeal from an order of the board of county commissioners to the district court. Section 1778 of the Revised Statutes, as amended by Act of February 14, 1899, is as follows: "When such appeal is taken the clerk of the board must within five days transmit to such district judge a copy of

the notice of appeal, the order, decision, or proceeding appealed from together with the accounts, bills, contracts, or papers connected therewith and necessary to a proper hearing thereof; or, when this is not practicable, certified copies thereof and of the record." (See Acts 1899, p. 249.) If such transcript was not filed in the district court, that court should have dismissed the appeal for that reason, if for no other. The order of the board of commissioners is not in the record before us.

4. The district court did not try the matter anew. Section 1779 of the Revised Statutes, as amended by act of February 14, 1899, is in part as follows: "Upon the appeal, the matter must be heard anew, and the act, order or proceeding so appealed from may be affirmed, reversed or modified; and, from the decision of the district court, or judge, either party may, within five days, appeal to the supreme court. Either of said courts or said judge  may make any rules necessary to a proper and speedy hearing in such appeals." (See Acts 1899, p. 249.) The findings of fact in the record, and which are hereinbefore set forth, do not show a single item of expense which is a legal charge against the county. The stipulation signed by the county attorney and attorneys for respondent relating to the hearing in the district court is apparently an attempt to limit the jurisdiction of the district court to a decision of one question of law, and the stipulation signed by said attorneys relating to the hearing of this appeal by this court is apparently an attempt to limit the jurisdiction of this court. County attorneys cannot limit the jurisdiction of the district court or of this court, by stipulation or otherwise, or relieve either of said courts of duties enjoined by positive statute. The attempt to do so in this case is unauthorized, unwarranted, and deserves severe rebuke. It is not a matter between the county attorney and the respondent. The public, the taxpayers—those who "bear the burden in the heat of the day"—have some rights in the premises, which cannot be frittered away by the county attorney. The duties of the court are prescribed in the statutes quoted, and in other statutes. and the courts cannot be relieved of those duties either by officiousness or courtesy on the part of the county attorney. While it is commendable on the part of

the county attorney to appeal from any wrongful order or action of the board of county commissioners in allowing illegal claims against the county, to the district court, and from the district court to this court, when necessary to protect the interests of the county, and it is his official duty to do so, yet we think it was his duty to have moved a dismissal of the appeal in this case in the district court, for the reasons hereinbefore suggested. For the reason that the record before us contains no judgment or order from which an appeal will lie, this appeal should be dismissed, and it is so ordered. Costs awarded to neither party.

Huston, C. J., and Sullivan, J., concur.