(February 8, 1900.)

## ELLIS v. BINGHAM COUNTY.

[60 Pac. 79.]

CLAIMS AGAINST A COUNTY—ALLOWANCE IN PART—APPEAL FROM BOARDS OF COMMISSIONERS.—Claimants, whose claims against the county are allowed in part, must accept or reject the action of the board of commissioners as a whole, and cannot appeal from a portion of the action of the board. Affirming *Eakins v. Nez Perces County,* 4 Idaho, 131, 36 Pac. 702, and *Clyne v. Bingham County,* ante, p. 75, 60 Pac. 76.

SAME—CLAIM FOR SERVICES, WHAT TO CONTAIN.—An item in a constable's claim or account against a county, for services in serving process in a criminal case, must specify the court in which the action is pending, name the offense, the party served, and place of service, so that the correctness of the item shall *prima facie* appear from the claim itself.

STATUTE CONSTRUED.—Act of March 13, 1891, does not amend sections 2126 and 2136 of the Revised Statutes in so far as said sections relate to constables' fees and mileage.

CONSTABLES' FEES AND MILEAGE.—Constables are entitled to mileage at the rate of twenty cents per mile for each mile necessarily traveled in going only, from place where the court is held to serve process.

ATTORNEYS—STIPULATION.—Briefs that are signed and filed by persons claiming to be attorneys, but who are not licensed to practice

in the appellate court, will be stricken from the files on order of the court.

BOARDS OF COMMISSIONERS.—Boards of commissioners are not a law unto themselves, but must be guided by and obey the provisions of statutes relating to the allowance of claims against a county.

DISMISSAL OF APPEAL.—When there is no judgment or order from which an appeal will lie shown by the transcript, the appellate court should, on its own motion, dismiss the appeal. Affirming *Potter v. Talkington*, 5 Idaho, 317, 49 Pac. 14, and *Clyne v. Bingham County*, ante, p. 75, 60 Pac. 76.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

N, H. Clark, for Appellant, cites no authorities on the points decided.

No attorney for Respondent.

QUARLES, J.—The respondent, W. G. Ellis, is a constable in Idaho Falls precinct, in Bingham county, and, as such constable, presented nine bills or claims against said county to the board of commissioners for allowance, aggregating $648.95. The commissioners allowed a portion of each bill or claim, aggregating in all the sum of $449.50, and disallowed a portion of each bill, the amounts disallowed amounting in the aggregate to the sum of $199.49. The respondent appealed to the district court from the action of the board in disallowing said portions of his claims, and from the action of the district court the county appeals to this court.

The record before us, touching the transcript on appeal to the district court, and from the district court to this court, is substantially in the same condition as the transcript in the case of *Clyne v. Bingham Co.* (decided at this term), ante, p. 75, 60 Pac. 76, and what is said in the opinion in that case as to the transcript applies here. The order or orders of the board of commissioners is not in the record before us. The notice of appeal of respondent from the order of the board to the district court, after being directed to the members of the board, clerk of the board, and county attorney is as follows: "You, and each of

you, will please take notice that W. G. Ellis, who is constable of Idaho Falls precinct, Bingham county, Idaho, and who is the claimant on the bill hereinafter described, hereby appeals from the order of the board of county commissioners of Bingham county, made on the twelfth day of October, 1899, disallowing $204 of the amount of said bill, to the district court of the fifth judicial district of Idaho, in and for the county of Bingham. This appeal is taken from the order whereby the following bill was disallowed, to wit: The bill of W. G. Ellis, for $204, filed with said board on the eleventh day of October, 1899: This appeal is taken on questions of both law and fact. Dated this nineteenth day of October, 1899. Clark & Holden, Attorneys for Appellant." From this notice and the transcript, it appears that the respondent constable appealed from the action of the board in disallowing parts of his claims, and that he must have accepted a warrant or warrants for those parts allowed. Acceptance of a warrant for part of a claim allowed by the board of commissioners against the county bars the claimant from appealing from the order, or from asserting a claim to that part of the claim disallowed. (See Rev. Stats., sec. 1775, and *Clyne v. Bingham Co.*, cited, *supra.*

We find in the record before us two stipulations, in words and figures as follows:

"This cause having come on regularly to be heard before the court, sitting without a jury, whereupon it was stipulated and agreed in open court by the counsel for the respective parties that each, all, and every of the items, of the bills in controversy in this appeal are true and correct, and the mileage as charged in said bill was actually traveled to execute regular criminal process from the justice court of Idaho Falls precinct, Bingham county, Idaho, and in removing prisoners from said courts after conviction, upon a regular commitment, to the county jail at Blackfoot, Idaho. It is further stipulated and agreed that the only question involved in this appeal is (1) how much the constable may charge and collect per mile for each and every mile traveled in going to execute regular criminal process. (2) how much per mile the constable may charge and receive per mile in returning a prisoner

from the place of arrest to the court or magistrate who issued the warrant; (3) how much per mile the constable may charge and receive for taking a prisoner committed to his charge after conviction, upon a regular commitment to the county jail, the place where he is directed to be confined. It is further stipulated and agreed that, the services having been actually rendered, the constable duly presented his bill, in regular form, to the board of county commissioners of Bingham county, which bill claimed thirty-five cents per mile for each mile actually and necessarily traveled, and thirty-five cents per mile for each mile traveled in returning a prisoner to court or to jail, which bill was by said board allowed at the rate of twenty cents per mile, as shown by the mileage on the bill, from which order reducing the mileage to twenty cents per mile the said constable duly appealed to this court, whereupon it was further stipulated that the only question to be tried was the amount per mile the constable was allowed for the services rendered as set forth in the bill on file herein.

"N. H. CLARK,

"Attorney for Bingham County.

"CLARK & HOLDEN,

"Attorneys for W. G. Ellis, Constable.

"STIPULATION.

"It is hereby stipulated and agreed by and between the counsel for the respective parties that the foregoing is a full, true, and correct copy of the judgment-roll in the above-entitled cause, and that the only questions to be determined in this appeal to the supreme court of Idaho are those stipulated and agreed upon in the district court, which stipulation is in writing, and made a part of the judgment-roll in this action.

"N. H. CLARK,

"Attorney for Bingham County.

"CLARK & HOLDEN,

"Attorneys for W. G. Ellis, Constable."

These stipulations attempt to limit the jurisdiction of the court—tend to confine its duties to one question of law—i. e., the mileage to which a constable is entitled in criminal cases. What we said in *Clyne v. Bingham Co., supra,* in regard to such stipulations and the duties of the courts applies to these stipulations.

Folios 62 to 64 of the transcript are as follows:

## "FINDING AND DECREE OF COURT.

"This cause came regularly on for trial on the tenth day of November, A. D. 1899, before the court without a jury; a jury trial having been duly waived in open court by the parties; and Clark & Holden, Esqs., appearing as attorneys for plaintiff, and N. H. Clark. Esq., county attorney, for defendant; and, from the evidence introduced, the court finds the facts as follows, to wit: That the charge of thirty-five cents per mile made by W. G. Ellis as mileage in criminal cases for his services as constable of Idaho Falls precinct is the amount of mileage that he is entitled to receive under the statute, said constable being allowed the same mileage as sheriffs. That thirty-five cents per mile is the legal mileage which constables may charge and receive. As a conclusion of law from the foregoing facts, the court finds that plaintiff is entitled to judgment for the sum of two hundred and four dollars, in lawful money of the United States, and costs of suit.

"JOSEPH C. RICH,

"Judge."

While this is named "Finding and Decree," it is neither a finding of fact nor a judgment. It simply states a conclusion, or the opinion that the respondent, as constable, is entitled to thirty-five cents per mile, mileage, for services in criminal cases. We here refer to what we said in *Clyne v. Bingham Co., supra,* as to the manner of taking appeals from orders made by boards of county commissioners, and the proceedings in the district court on appeal. The district court should have dismissed the appeal—(1) because the transcript of record required by law was not before it; (2) because it was an appeal from a por-

tion, only, of the action of the board of commissioners. The account of the respondent is vague and indefinite in some respects, one item being as follows: "Sept. 21st. State of Idaho v. James Southwick, et al, 9 warrants of arrest, $18.00." The commissioners could not tell from this item what services were charged. It should specify the names of the defendants arrested, and show in what court the action was pending, and specify in general terms the charge in the warrant against the parties arrested. This is necessary in order to identify the item in the account, and to give the commissioners, and all taxpayers who may desire to do so, an opportunity to investigate the officer's claim. The object of the law in requiring items and vouchers in the matter of claims of officers against their county is to enable all parties interested to investigate and learn the truth, and thus protect the taxpayers—the public—from fraud, oppression, and extortion. It is the policy of this state to reduce and minimize the expense of maintaining and conducting the county governments, which policy is apparent from provisions of our constitution and statutes. Courts, and especially boards of county commissioners, should give all available and proper assistance in carrying out this much-needed and very beneficient policy. The county treasurer is not a very legitimate object to be looted and plundered by officials or others, and county commissioners, who are the fiscal agents for their county, should guard the financial interests of their county with jealous care. Under the statutes, boards of commissioners must require the utmost good faith on the part of officials in presenting claims against the county. The account must be specifically itemized, that each particular item of service, and the date of its performance, may be shown in such manner that an ordinarily prudent man can tell for what each item is claimed, and thus enable anyone to investigate and ascertain the correctness of each item. An item: "Mileage, 8 miles; serve subpœna, $2.80,"—is too indefinite to answer the requirements of our law. A taxpayer could not tell from such item who the witness was, where he was served, or if there was more than one witness or not. A constable who has a warrant of arrest and a subpœna in the same case, at the same time, is not

entitled to mileage for going from a given place to a given place, when both writs are served at the same place. In other words, for the same trip he cannot get double mileage for going to serve such writs, although he may have two writs in his hands in the same case, at the same time. There are numerous other cases in which he may or may not be entitled to all of the mileage claimed. Another illustration: A constable in a town, Idaho Falls, for instance, is given a subpœna for ten witnesses, all of whom are in the town, and within less than one-fourth of a mile from the place where the court is sitting, and serves same on each of said witnesses, and then charges up: "Mileage, 10 miles; serving subpœna, $3.50." Such charge would be illegal, the officer being entitled to only one mile mileage. But, from his verified claim, it could not be ascertained whether it was correct or incorrect as to such items. Hence each particular service must be described as hereinbefore suggested; otherwise, the item should be rejected.

We think that the conclusion of the district court that constables are entitled to mileage in criminal cases at the rate of thirty-five cents per mile, is erroneous. Subsection 23, section 2126, of the Revised Statutes, fixed the mileage of sheriffs in civil and criminal cases at twenty cents per mile. And section 2136 of the Revised Statutes provides that constables should receive the same mileage in criminal cases as sheriffs "are allowed." These two statutes were passed at the same time. In 1891 section 2126 was amended so as to increase the mileage of sheriffs to thirty-five cents per mile. (See Acts 1891, p. 177.) But the act of 1891, *supra,* says nothing about the fees or mileage of constables. So it is evident that the legislature did not intend to change the fees or mileage of constables. It could not amend section 2136 of the Revised Statutes, by mere implication, and our attention has not been called to any statute which amends said last-named section. If the act of 1891 amended section 2136 of the Revised Statutes, by implication, as the district court evidently concluded, then we would be compelled to hold that constables were entitled to no mileage whatever, because all of that part of section 2126 of the Revised Statutes was repealed by act of 1891, *supra,* and the act of 1891

giving sheriffs mileage has been abrogated by the amendment to section 7, article 18, of the state constitution, and sheriffs are entitled to no mileage whatever. But the language in section 2136 of the Revised Statutes, "for services and travel in criminal cases, the same fees as sheriffs are authorized to receive for like services," related to the then present tense, and did not mean such fees as the sheriffs thereafter might be allowed. So we conclude that the fees and mileage of constables in criminal cases are those named in subsection 23 of section 2126, to wit, twenty cents per mile.

An inspection of the accounts of respondent in the record before us shows that the respondent claims fees for serving sixty-one warrants of arrest in criminal cases between August 11, 1899, and October 4, 1899. This shows vigilance upon the part of the officer, but suggests the existence of a deplorable condition in his precinct.

A brief has been filed on behalf of the respondent, signed by persons who are not members of the bar of this court. We cannot receive or recognize such briefs, and said brief is ordered stricken from the files. The action of the parties who filed such brief is in violation of the statutes and rules of this court, and such practice cannot be tolerated.

We have given careful attention to the questions suggested by this record, not for the reason that it is necessary to a disposition of this appeal, but because we think that the interests of the public demand that we should do so. The utter disregard with which some of the boards of commissioners in this state treat the provisions of our statutes has induced us to call special attention to some of the duties of such boards, under the statutes, in the matter of passing upon claims presented against the county. With this idea in view, we have quoted largely from the statutes, and made suggestions as to their application to claims of the character of those in the record before us. Commissioners should not consider that they are a law unto themselves, but should pay careful heed to the provisions of the statutes, and their duties thereunder. For the reason that the record does not show a judgment from which an appeal

will lie, this appeal should be dismissed, and it is so ordered. Costs awarded to neither party.

Huston, C. J., and Sullivan, J., concur.