## SKEEN v. PAINE.

No. 1835.   Decided March 22, 1907 (90 Pac. 440).

1. APPEAL—PREJUDICE—RULINGS ON DEMURRER. Where a complaint to remove a city councilman alleging the receipt of illegal fees and willful neglect of official duty was demurred to as uniting two distinct causes of action, but the court withdrew the question of willful neglect of official duty from the jury, defendant was not prejudiced by the overruling of the demurrer.

2. OFFICERS—REMOVAL—NATURE OF PROCEEDING—DIRECTION OF VERDICT. The proceedings specified by Revised Statutes 1898, section 4580, for the removal of public officers for misconduct, are civil, and not criminal, so that, where the facts are not in dispute, the trial court may direct a verdict of guilty on the law applicable to the facts.

3. SAME—EVIDENCE—REPUTATION. Where, in a proceeding to remove a city councilman for receiving illegal fees as authorized by Revised Statutes 1898, section 4580, he admitted the offense, it was not error for the court to refuse to permit him to prove that his general reputation was good.

4. SAME—ILLEGAL FEES—REPAYMENT. In proceedings to remove a city councilman for receiving illegal fees as provided by Revised

Statutes 1898 section 4580, it was no defense that after the fees had been declared illegal he made restitution thereof to the city.

5. SAME—RESIGNATION—REAPPOINTMENT. Defendant, being charged with receiving illegal fees as a city councilman, resigned his office after the fees had been declared illegal, and refunded the same to the city. On the same night that he resigned the council accepted his resignation, and before doing any other business reappointed him to fill the vacancy caused by his resignation. *Held*, that such resignation was mere sham, and no defense to removal proceedings.

6. SAME—STATUTES—VALIDITY. Under Constitution article 6, section 21, providing that removals of officers for misconduct might be made "in such manner as may be provided by law," the Legislature was authorized to pass Revised Statutes 1898, section 4580, providing for removal proceedings at the instance of a private person, notwithstanding Constitution article 8, section 18, providing that prosecutions shall be in the name of "the state of Utah."

APPEAL from District Court, Second District; J. A Howell, Judge.

Proceeding by J. D. Skeen against Robert B. Paine. From a judgment for complainant, defendant appeals.

AFFIRMED.

*H. H. Henderson* for appellant.

*Geo. Halverson* and *J. N. Kimball* for respondent.

FRICK, J.

This proceeding was instituted by plaintiff, respondent in this court, against the defendant, the appellant here, under section 4580, Rev. St. 1898, to remove appellant from the office of city councilman of the city of Ogden.

The facts upon which the proceeding is based are similar to those stated and passed upon by this court in the two cases of *Skeen v. Craig*, 86 Pac. 487, and *Skeen v. Chambers*, 86 Pac. 492. We shall therefore refer to those cases for the facts, except in so far as matters not presented in those cases are involved in this case. We shall also abide by the law laid down in those two cases so far as it covers the points in this, where such points are identical with the facts common to those cases. The matters arising in this case, and not di-

rectly passed upon in either of the other two cases above re-
ferred to, are in substance as follows: The complaint or in-
formation filed against the appellant proceeded upon two
grounds as causes for removal from office: (1) The re-
ceiving of illegal fees; and (2) willful neglect of official
duty. Appellant demurred to the complaint generally and
specially; one of the special grounds being "that two separate
and distinct causes of action have been united and stated as
one cause of action." The demurrer was overruled by the
court. After the ruling the appellant entered a plea of not
guilty, and in addition to such plea, filed a written answer,
in which he admitted the receipt of the excessive or illegal
fees as councilman of Ogden City, but averred as a defense
that upon the rendering of the decisions of this court in the
two cases referred to that the fees were illegal, and consti-
tuted the offense denounced by section 4580, he forthwith
repaid the excessive fees to Ogden City. For a further de-
fense he alleged that after the institution of this proceeding
he resigned the office of city councilman, and that he was by
the remaining members of the council reappointed and was
serving under the reappointment, and not under his election.
A jury was duly impaneled, but neither side introduced
any witnesses, but submitted the case upon the admissions
of appellant, and upon offers by him to prove certain facts,
as follows: He offered to prove that he had repaid the city
of Ogden all the illegal fees received by him, and also offered
to show that his general reputation for honesty and integrity
was good. The court denied both offers as presenting no legal
defense in view of appellant's admissions, to which ruling
he excepted. No evidence or admissions were given or made
upon the second cause for removal above referred to. Upon
the foregoing admissions the court directed the jury to find
the appellant guilty of receiving illegal fees, and further di-
rected them to find him not guilty upon the second cause
stated in the complaint or information, and the jury accord-
ingly returned a verdict as directed, on which the court en-
tered judgment removing appellant from the office of city

councilman of Ogden City, and taxed the costs against him, from which judgment he prosecutes this appeal.

Appellant assigns numerous errors, but nearly all of them have been determined adversely to his contentions in the two cases already referred to. Hence we will notice those only that have not directly been passed upon by this court. The contention that the court erred in overruling the special ground of demurrer is unavailing, for the reason that no claim was based upon that ground at the trial, and the court took the same from the jury, thus leaving the complaint as though only one ground or cause for removal, were stated therein. The sustaining of the demurrer could have accomplished no more, and therefore appellant was not prejudiced by the ruling of the court. The contention that the court erred in not permitting appellant to prove his general reputation for honesty and integrity, and that the court erred in directing a verdict against him, are, we think, both answered, if not in form, still in effect, in the two cases above referred to. In the *Craig Case* this court directed that a verdict of not guilty be set aside and ordered a new trial against the accused, over the verdict of not guilty. From this it unavoidably follows that the proceeding for a removal from office under section 4580 is in its effect or results purely civil, and not criminal. If the court could set aside a verdict of not guilty, and grant a new trial over the objections of the accused, it must follow that where the facts are not in dispute, and do not admit of different conclusions, as in this case, it can also direct a verdict against him upon the law applicable to the facts. This also disposes of the alleged error in not permitting the appellant to prove his general reputation.

No fact being in doubt, upon appellant's own admissions respecting his guilt, of what legal relevancy was the proposed proof? All the jury could have done in such case would have been to extend to him the pardoning power for the reason that the appellant had always lived an honest life, and that this was his first offense. Appellant's reputation for honesty and integrity could not in any way make doubtful

the act of receiving the illegal fees, the receipt of which he admitted. The question, as this court held, is not one of intention. This being so, the court did not err in excluding the proffered proof. Nor is the claim that appellant repaid the money to Ogden City, after this court had decided that the receipt thereof was illegal, a defense. The decision of this court did not create the law making the taking thereof illegal. Such was the law during all of the time that appellant took the fees. He therefore, by paying back the money, did no more than make restitution of that to which he never had a legal right, and thus make good the loss to the public, but the act of repayment did not, and could not, atone for the violation of the law in receiving the illegal fees. It therefore was no defense to the action, and could subserve no legal purpose to have presented it to the jury. The court therefore did not err in this regard.

The assertion that the court erred in not permitting appellant to prove that he had resigned the office of councilman, in view of his admission that, upon the acceptance of his resignation, he was immediately reappointed to fill the vacancy caused by his own resignation, and that he at the time of the trial was serving out the unexpired term, we think, is not tenable. We have no hesitancy in stating that the object of the statute is clearly for the purpose only of removing officials who disregard or violate the law, and that where an official resigns the office, and thus removes himself, the whole purpose of the statute is accomplished, and no further proceedings to remove can be permitted. But the law deals with matters of substance, and not mere form. If an official, a member of a board or body, in which is vested the power to fill vacancies, can, when his derelictions are discovered, resign, and be at once reinstated in his former position, and thus escape the effects of a violation of positive law, then the statute giving the right of removal might as well be repealed. If such can be done, and the continuity of the incumbent can be thus broken, then the statute is, in effect, repealed, at least it is made ineffectual, which amounts to the same thing. Whether an officer may be removed from a pres-

ent term for violations occurring in a preceding term, which would have been grounds for removal, is a matter upon which the authorities may not be in strict harmony, and is not involved in this case. Here the record discloses that the appellant resigned, and at the same meeting of the council and before transacting any business the remaining members forthwith appointed him to fill the vacancy caused by his resignation. This did not constitute a surrender of the office which would arrest a proceeding instituted to remove from the office. Neither did it in law break the continuity of the term. True, the appellant would have to requalify, but all this was mere matter of form, and to tolerate such proceedings and permit them to stand as a defense would indeed be a travesty of both law and justice. We are clearly of the opinion that the court did not err in this regard. If any authority is required upon a proposition like this, the following cases will be found to sustain the legal principle above announced: *State v. Rose* (Kan. Sup.), 86 Pac. 296, 6 L. R. A. (N. S.) 843; *State v. Welsh*, 109 Iowa 19, 79 N. W. 369; *State v. Dart*, 57 Minn. 261, 59 N. W. 190.

Appellant again urges upon us that section 4580 is unconstitutional, because, as he asserts, all prosecutions must be conducted in the name of the state, and cannot be conducted in the name of a private person. Counsel, it seems to us, overlooks the special constitutional provision pertaining to the removal from office of officers not to be removed by impeachment. Section 21, art. 6, of the Constitution, among other things, provides that such removals may be made "in such manner as may be provided by law." Here a plenary power is conferred upon the Legislature. This provision of the Constitution is special, and the mere fact that in another part of the same instrument (section 18, art. 8) it is provided that prosecutions shall be in the name of "the state of Utah" does not necessarily prevent a proceeding civil in its consequences from being conducted in the name of a private person. To say the least, the question is not free from doubt, and, being so, all doubts must be resolved in favor of the constitutionality of the statute. The argument that the

construction of section 4580 given it by this court is un-
sound, because such construction makes that section inhar-
monious with other provisions found in the Penal Code of
this state, does not necessarily follow. The writer is free to
confess that at first view he was inclined to a construction of
section 4580 different from that arrived at by this court in
the *Skeen Cases,* supra. Upon thorough investigation, how-
ever, he is satisfied that the construction given that section
by this court is amply sustained by the courts of other states
having similar statutes. While it may be conceded that the
present construction does not harmonize with all other pro-
visions of the Penal Code, the writer is not thoroughly satis-
fied that any construction that might be given it would en-
tirely obviate that difficulty. The purpose of the statute is
obvious, and upon reflection the writer is satisfied that the
construction given it by this court is in accord with that pur
pose, and is in strict conformity with the principles of utility,
which, after all, form the basis of all remedial laws.

The judgment of the court below, therefore, should be, and
accordingly is, affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.