OVERTON, J.
 

 (dissenting). The Constitution of this state reads as follows:
 

 “There shall be a registrar of voters for the parish of Orleans, who shall be appointed by the Governor, and one for each parish in the state, who shall be appointed by the police jury or other governing authority of such parish.
 

 “The Governor shall issue a commission to each registrar who shall thereupon make such bond, subscribe to such oath, and receive such compensation as the Legislature may prescribe; provided, that the state and the parish shall each pay one-half of such compensation.
 

 “The Governor, Lieutenant-Governor, and Speaker of the House of Representatives shall compose the Board of Registration and any two members of same shall have power to remove, at will, any registrar in this state.
 

 “The first registrar in each parish shall be appointed on or before December 15, 1921, and a new and complete registration shall be had under this Constitution in every parish beginning January 2nd, 1922.
 

 “Should a registrar be not appointed by December 15, 1921, or any subsequent vacancy be not filled, within thirty days after its occurrence, by the above constituted authority, a majority of the Board of Registration shall appoint and the Governor shall commission a registrar of voters in each parish which has none.
 

 “No registrar of voters shall be elected or appointed to any other office within twelve months after vacating that of registrar.
 

 “No other officer or person shall exercise any of the powers or duties of the registrar of voters after December 15th, 1921; provided, this shall not be construed to forbid the Legislature to authorize the appointment, by the registrar, of deputy registrars.” Section IS, art. 8, Const. 1921, page 76.
 

 The foregoing are all of the provisions of the Constitution relative to the appointment by' the appointing power, and the removal by the board of registration, of registrars of voters. Act No. 122 of 1921 (Ex. Sess.) § 15, as amended by Act No. 269 of 1926, § 1, does not purport to add anything to these provisions.
 

 That the Constitutional Convention, which not only framed the Constitution, but adopted and promulgated it, as the fundamental law of the state, attached great’ importance to these provisions, cannot be denied by any
 
 *407
 
 one, for the convention went so far as to prohibit expressly any other officer or person, omitting deputy registrars, from exercising any of the powers or duties of the office of registrar of voters — a provision which was already implied under the ordinary
 
 canons of
 
 construction.
 

 The real point at issue is whether a police jury has the right to elect, to succeed himself, a person to the office of registrar of voters to fill a vacancy, caused by the removal of that person from office by the board of registration? If the police jury has such power, then the appointment of plaintiff by a majority of the board of registration, though made more than thirty days after the vacancy occurred, is a nullity. If the police jury has not such power, then that body, by its failure to fill the vacancy within thirty days, made it incumbent upon the board of registration, under the Constitution, to appoint some one to fill the vacancy, for the vacancy cannot be said to be filled by the election of an ineligible person.
 

 The majority of the court hold that the police jury may elect the person removed to fill the vacancy. I am unable to concur in that view, and assign my reasons as follows:
 

 It is a fundamental rule that “whatever is necessary to render effective any provision of a constitution, whether the same be a prohibition, or a restriction, or the grant of power, must be deemed implied and intended in the provision itself.” ' Black, Interpretation of Laws, p. 22.
 

 It is also a fundamental rule of interpretation, applicable to constitutions, “that, if possible, effect should be given to every part and every word [of the instrument], and that unless there is some clear reason to the contrary no portion of the fundamental law should be treated as superfluous. Hence, as a general rule, the court should avoid a construction which renders any provision meaningless or inoperative.” 6 R. O. L. § 42, p. 48. See, also, Black, Interpretation of Laws, p. 17.
 

 It is also a fundamental rule in the inter-, pretation of constitutions that it is the intent of those adopting them that must be sought. In fact, this is the object of all interpretation, whether of constitutions or of statutes. Black, Interpretation of Laws, p. 15.
 

 Applying these rules, it is apparent that there is implied in the provisions of the Constitution, relative to the appointment and removal of registrars of voters, a clause that, in filling a vacancy, brought about by the removal of a registrar, the police jury cannot re-elect the person removed. It is not correct to say that it cannot be held that the police jury does not possess power to re-elect such person, without writing a clause in the Constitution which is not there. The clause is there, not expressed in words, it is true, but nevertheless there by clear implication. That which is clearly implied in a provision of the Constitution is as much a part of that instrument as if it had been inserted in it in express words. The clause is implied, because it is necessary to imply it, under the canons of construction, to give what may be properly termed effect' to the provision that the board of registration may remove any registrar in the state, not merely for cause, but at will. It was intended that this should be implied, for how can a board of registration remove effectively a registrar of voters, if the police jury may re-elect him immediately? If the Constitution means anything, it means that the removal shall be effective to the extent that the registrar removed shall not be elect-ed to fill the vacancy caused by his own removal.
 

 The clause in the Constitution to the effect that no registrar of voters shall be elected or appointed to any other office within twelve
 
 *409
 
 months after vacating that of registrar does not affect the construction here placed upon the Constitution. That provision was inserted in that instrument to prevent a registrar from using the office to further his political ambitions. The word “other” was used in the provision, in relation to “office,” to show that there was no objection to his being re-elected to the registrarship, whenever a vacancy-should occur, although he should be re-elected within a year after his vacation of the office, but it was not intended thereby to render the power of removal ineffective by permitting his re-election to fill a vacancy, caused by his own removal, or, in other words, it was not the intention of the Constitutional Convention to vest the power of removal in the board in one breath and in the next breath fender the power ineffective.
 

 To hold that the board has the right to remove at will, and that the police jury has the right to fill the vacancy by re-electing the person removed, is to place the Constitutional Convention in the attitude of solemnly providing that the board of registration may remove at will, but that the person found objectionable may be re-elected to fill the vacancy, occasioned by his removal; and, as the power of removal is a continuing power, of providing that such person may be removed again, and at once, and, upon his again being re-elected to succeed himself, removed again, and at once, and so on ad infinitum.
 

 Such action, in my view, is so much out of accord with the orderly administration of government, and is so utterly impracticable, that the intention so to provide is so untenable that it should not be entertained. for one moment.
 

 It seems strange indeed that an officer, elected to an office, without a fixed term, by one body, to hold the office during the pleasure of another body, the one vested with the power of removal, which is the case here, cannot be effectively removed, notwithstanding the express grant of the power of removal.
 

 The entire situation may be cleared, and all of the provisions of the Constitution reconciled, and full force accorded them, by giving effect to the clear implication, made necessary to give effect to the power of removal, and to avoid an utterly impracticable situation. This implication to which effect must be given is that, when the board exercises its right of removal, the person removed cannot be elected to fill the vacancy. It does not suffice in answer to this to say that, “but if it should be so held, the board would have the power to force its will, in the election of a registrar, upon the police jury, by the use of the power of removal.” Such an abuse of that power would at once become glaringly apparent, and is not to be presumed. The power of removal must exist somewhere. It cannot be dispensed with, because it may be abused.
 

 I am supported in the foregoing views by the cases of People v. Ahearn, 196 N. Y. 221, 89 N. E. 930, 26 L. R. A. (N. S.) 1153; State ex rel. Childs v. Dart, 57 Minn. 261, 59 N. W. 190; State ex rel. Cosson v. Baughn, 162 Iowa, 308, 143 N. W. 1100, 50 L. R. A. (N. S.) 912; Skeen v. Paine, 32 Utah, 295, 90 P. 440. In each of these cases the officer was removed by a person, board, or court possessing the power of removal, and was re-elected to fill the vacancy by a board holding the appointive power. In each of them the court held that the re-election was a nullity, because it set at naught the power of removal. '
 

 The only substantial differences between those cases and the case at bar are that in them the officer was appointed or elected for a fixed term, whereas in the present case the registrar was appointed to hold during the pleasure of the board of registration, and in
 
 *411
 
 those eases the removal vas for cause, whereas, in the present case, the removal was by the exercise of the will of the removing power. But these differences do not affect the value- of the cases as precedent here. The first difference- is of no consequence at all. As to the second, the reason, if anything, is all the stronger why the doctrine of these cases should be deemed applicable here, for, where the removal is at will, it is absolutely essential, to make the power effective, that the'person removed shall not be permitted to succeed himself.
 

 The case of State ex rel. Tyrrell v. Jersey City, 25 N. J. Law, 536, relied upon in the majority opinion, possibly may be differentiated from the present ease and from those cited in support of the views, expressed in this dissenting opinion, on the ground that the case involved the effect • of an expulsion from a board of aldermen and the right- of the people to re-elect the expelled alderman to the same office immediately following the expulsion. If it cannot be differentiated upon such ground, it is clearly contrary to the weight of' authority in this country, as will appear from the annotation to State ex rel. Thompson v
 
 .
 
 Crump, 134 Tenn. 121, 183 S. W. 505, L. R. A. 1916D, 951, 959, as published in the L. R. A. citation. There, it is the sole case cited as opposed to the cases cited by me in support of the views here expressed, and to other cases cited in the annotation, but omitted here in an effort to confine the citations to cases where the re-election was not by the people.
 

 The doctrine that the removal of a constitutional officer does not, of itself, disqualify-that officer from subsequently holding office, unless the removal be made by impeachment, has no application here. No one is contending that the removal of the registrar of voters disqualifies him from' holding office under the Constitution. The only contention is that, in order to make the removal effective, he must be held incapable of succeeding himself. Therefore the ease of Saint v. Irion, 165 La. 1062, 116 So. 549, and other cases, cited by defendant to sustain that proposition, are not pertinent here.
 

 In my humble view, the conclusion reached by the majority, contravenes the fundamental rules, established for ’the interpretation of constitutions. The process by which the conclusion is reached fails to take into account that what is necessary to give an express ■ power effect is implied. It fails to give effect to every clause of the Constitution touching the removal and election of registrars of voters, and therefore defeats the intention of the Constitution, and brings about a. result which the Constitutional Convention never contemplated. For these -reasons, I most respectfully, though earnestly, dissent.
 

 BRUNOT, J., concurs in dissenting opinion of Justice OVERTON.
 

 LAND, J., concurs herein.